NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* JAMES MONAHAN,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERT WOOD JOHNSON UNIVERSITY HOSPITAL AT HAMILTON,<br><br>    Defendant. | Civil Action No. 02-5702 (JAG)<br><br>**OPINION** |
| UNITED STATES OF AMERICA, *ex rel.* PETER SALVATORI, et al.,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERT WOOD JOHNSON UNIVERSITY HOSPITAL AT HAMILTON,<br><br>    Defendant. | |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on the motion of the United States of America ("the United States" or "the Government") to strike the affirmative defenses asserted by Robert Wood Johnson University Hospital at Hamilton ("Defendant") in its Answer to the Government's

1

Complaint. (Docket No. 90.) For the reasons set forth below, the Government's motion to strike is granted in part and denied in part.

## BACKGROUND

Plaintiff is the Government, suing on behalf of the Centers for Medicare and Medicaid Services ("CMS"), formerly known as the Health Care Financing Administration ("HCFA").[1] (Compl. at ¶ 4.) CMS is a component of the United States Department of Health and Human Services ("HHS"). (Id.) CMS is directly responsible for the administration of the Medicare program. (Id. at ¶ 22.)

Defendant is a private, non-profit, acute care hospital based in Hamilton, New Jersey. (Id. at ¶ 5.) Defendant is a component of, and affiliated with, the Robert Wood Johnson Health Care Corporation at Hamilton, which itself is a component of the Robert Wood Johnson Health Care Corporation. (Id.) Defendant is also affiliated with Robert Wood Johnson University Hospital in New Brunswick, Robert Wood Johnson University Hospital at Rahway, and the Robert Wood Johnson Health Network, which consists of several acute care hospitals. (Id.)

Relator James Monahan ("Relator Monahan") is an adult individual, who resides in the District of New Jersey.[2] (Id. at ¶ 6.) Relator Monahan filed a *qui tam* complaint against

---

[1] For a more thorough recitation of the background in this matter, refer to this Court's Opinion that accompanied its Order denying Defendant's motion to dismiss, United States ex rel. Monahan v. Robert Wood Johnson Univ. Hosp. at Hamilton, No. 02-5702, 2009 WL 1288962, at *1-4 (D.N.J. May 7, 2009). (Docket No. 89.)

[2] A relator is "[a] person who furnishes information on which a civil or criminal case is based; an informer." BLACK'S LAW DICTIONARY (8th ed. 2004). In the context of a *qui tam* action, a relator is a private plaintiff who brings the action on behalf of the government to recover losses incurred because of fraudulent claims. 31 U.S.C. § 3730(b)(1); U.S. ex rel. Schmidt v. Zimmer, Inc., 385 F.3d 235, 242 (3d Cir. 2004).

Defendant on behalf of the United States, asserting status as a relator, under 31 U.S.C. § 3730(b)(2). (Id.) Relator Monahan states that he has knowledge of the violations and allegations discussed in the Complaint. (Id.)

Relators Peter Salvatori and Sara C. Iveson ("Salvatori Relators") are adult individuals, who reside in Commonwealth of Pennsylvania. (Id. at ¶ 7.) The Salvatori relators filed a *qui tam* complaint against Defendant on behalf of the United States, asserting status as relators under 31 U.S.C. § 3730(b)(2). (Id. at ¶ 7.) The Salvatori action has been consolidated with the Monahan action. The Salvatori relators state that they have knowledge of the violations and allegations discussed in the Complaint. (Id.)

The Government seeks to recover outlier payments that Defendant obtained and kept from the United States by allegedly submitting false or fraudulent claims. (Id. at ¶ 8). Outlier payments are payments that the Medicare program makes to compensate hospitals for episodes of inpatient care that are extraordinarily costly in relation to average or typical episodes of care. (Id.) The Government alleges that Defendant intentionally manipulated its charge structure to inflate its apparent costs for inpatient treatments. (Id.) As a result of that alleged manipulation, the Government alleges that Defendant fraudulently obtained and held many millions of dollars from the United States in outlier payments for cases that either were not extraordinarily costly or were much less costly than Defendant made them appear to be. (Id. at ¶ 10.) In addition, the Government alleges that Defendant knew, within the meaning of the False Claims Act ("FCA"), that it was not entitled to claim, receive, or keep these outlier payments. (Id.)

In April 2008 the Government filed the Complaint that gives rise to this lawsuit, alleging violations of the FCA, 31 U.S.C. §§ 3729-3733, and related common law claims. The Complaint

alleges that Defendant made false or fraudulent claims to the United States for payment or approval because Defendant engaged in a fraudulent scheme that resulted in its receipt of outlier payments that it was not entitled to receive under the applicable statutory and regulatory regime; that Defendant allegedly presented, or caused to be presented, false or fraudulent claims with the knowledge that they were false, or with deliberate ignorance or reckless disregard of their truth or falsity; and that Defendant's billed charges were not reasonably, consistently or otherwise rationally related to Defendant's costs. (Id. at ¶¶ 133-34.)

Specifically, the four count Complaint alleges that: Defendant violated 31 U.S.C. § 3729(a)(1) when it presented fraudulent claims to the United States for payment (Count I); Defendant violated 31 U.S.C. § 3729(a)(2) when it submitted false records or statements to the United States in order to get its fraudulent claims paid (Count II); Defendant caused the United States to make unauthorized and excessive outlier payments (Count III); and Defendant was unjustly enriched by its receipt and retention of unlawful Medicare outlier payments (Count IV).

On July 11, 2008, Defendant filed a motion to dismiss the Government's Complaint for failure to state a claim upon which relief may be granted and for failure to plead with particularity. (Docket No. 56.) This Court issued an Order denying Defendant's motion on March 31, 2009, and an Opinion explaining the reasons for denying Defendant's motion on May 7, 2009. (Docket Nos. 85, 89.) On April 21, 2009, Defendant filed an Answer to the Government's Complaint ("Answer"). (Docket No. 87.)

In its Answer, Defendant asserted eleven affirmative defenses. They are:

**First Affirmative Defense:** The Complaint fails to allege any materially false statement.
**Second Affirmative Defense:** Plaintiff's claim is barred because any actions taken by Defendant with respect to the subject matters alleged in the Complaint were undertaken

      in good faith, and constitute lawful, proper, justified, and/or privileged conduct in accordance with the governing statutes and regulations.
      **Third Affirmative Defense:**  The damages alleged by Plaintiff, if any, are the result of acts or omissions committed by third persons, including agents of the government, over whom Defendant had neither control nor responsibility, and whose actions cannot be imputed to Defendant, and for which, at least in part, the United States has made recoveries.
      **Fourth Affirmative Defense:**  Defendant is entitled to an offset for all amounts the United States has received for the alleged loss which gave rise to this lawsuit.
      **Fifth Affirmative Defense:**  Plaintiff was fully informed of and approved the payments at issue in accordance with applicable statutes and regulations.
      **Sixth Affirmative Defense:**  The payments at issue were expressly authorized and permitted by the Outlier Regulations.
      **Seventh Affirmative Defense:**  Plaintiff's claims are barred by the applicable statutes of limitation.
      **Eighth Affirmative Defense**:  Plaintiff's claims are barred by the doctrine of laches.
      **Ninth Affirmative Defense:**  Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.
      **Tenth Affirmative Defense:**  Plaintiff's claims [are] barred, in whole or in part, by the doctrine of estoppel.
      **Eleventh Affirmative Defense:**  The United States has failed to mitigate its damages, if any.

(Answer 19-20.)  The Government moved to strike the affirmative defenses, pursuant to Federal Rule of Civil Procedure 12(f), on May 8, 2009 ("Motion").  (Docket No. 90.)  That motion is the subject of this Opinion.

## JURISDICTION AND VENUE

      This Court has subject matter jurisdiction, pursuant to 28 U.S.C. § 1345 and 31 U.S.C. § 3730(a).  Venue is proper in the District of New Jersey under 31 U.S.C. § 3732(a) and 28 U.S.C. § 1391(b).  Defendant is located and transacts business in the District of New Jersey, and the events and omissions giving rise to the claims alleged in the Complaint occurred in the District of New Jersey.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(f) provides, *inter alia*, that the court may strike from a pleading an insufficient defense or immaterial matter. The court may act *sua sponte*, or on a motion made by a party either before that party responds to the pleading or, if a response is not allowed, within twenty days after being served with the pleading.[3] Id. A motion to strike pursuant to Rule 12(f) will be granted only where "the insufficiency of the defense is clearly apparent." Cipollone v. Liggett Group, Inc., 789 F.2d 181, 188 (3d Cir. 1986) (internal quotation omitted); see also In re Gabapentin Patent Litig., --- F. Supp. 2d ----, 2009 WL 2730498, at *4 (D.N.J. Aug. 27, 2009) (a court may only strike a defense where that defense "is insufficient at law and [] it cannot succeed under any circumstances"); Glenside West Corp. v. Exxon Co., U.S.A., 761 F. Supp. 1100, 1114 (D.N.J. 1991) ("Motions to strike an affirmative defense under Rule 12(f) are 'not favored and will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense.'" (quoting Durham Indus., Inc. v. North River Ins. Co., 482 F. Supp. 910, 913 (S.D.N.Y. 1979))). The "underpinning" of the principle that courts will only strike clearly insufficient defenses "rests on a concern that a court should restrain from evaluating the merits of a defense where . . . the factual background for a case is largely undeveloped." Id.; see also F.D.I.C. v. Modular Homes, Inc., 859 F. Supp. 117, 120 (D.N.J. 1994) ("A Rule 12(f) motion is not meant to determine

---

[3]Rule 12(f) provides:

> **Motion to Strike.** The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party within 20 days after being served with the pleading.

6

unclear or disputed questions of law."). "Defenses that are 'nothing but bare bones conclusory allegations,'" however, "can be stricken." Modular Homes, Inc., 859 F. Supp. at 120 (quoting Heller Financial, Inc., 888 F.2d at 1294).

## ANALYSIS

The Government moves to strike all eleven defenses because they are conclusory statements that fail to provide any useful notice to the United States or this Court concerning which of the United States' claims are barred and why the alleged defenses might bar any of the United States' claims. (Mot. 4.) In addition, the Government moves to strike the first, eighth, ninth, tenth, and eleventh affirmative defenses because they are not properly pled as affirmative defenses, are unavailable, or are inapplicable as a matter of law in this case. (Id. at 7.)

This Court will first consider the general motion to strike all of Defendant's affirmative defenses, pursuant to Federal Rule of Civil Procedure 12(f), for failure to meet the pleading requirements set out in Federal Rule of Civil Procedure 8(b). For reasons addressed below, this Court denies the Government's motion to strike the affirmative defenses on this ground.

Next, this Court will consider whether to strike the first, eighth, ninth, tenth, and eleventh affirmative defenses because they are improper affirmative defenses, inapplicable, or unavailable as a matter of law in this case. For the reasons addressed below, this Court holds that the Government's motion to strike is granted as to the first, tenth, and eleventh affirmative defenses, and denied as to the eighth and ninth affirmative defenses.

Finally, because this Court has already ruled that the claims in the Government's Complaint are not barred by the applicable statutes of limitation, Defendant's seventh affirmative defense is stricken, as redundant.

## I. Failure To Plead Sufficient Facts

Pursuant to Federal Rule of Civil Procedure 12(f), the Government moves to strike all of Defendant's affirmative defenses on the ground that Defendant failed to comply with the pleading requirements defined by Federal Rule of Civil Procedure 8(b). Specifically, the Government argues that Defendant fails to allege which of the Government's claims might be barred by any of the asserted defenses and why; Defendant's defenses make vague assertions regarding the Government's Complaint, Defendant's own conduct, the conduct of unidentified third persons, and the conduct of the Government; and Defendant merely states legal theories in the seventh, eighth, ninth, tenth, and eleventh affirmative defenses, and fails to provide even a scintilla of factual support for these defenses. (Mot. 5-6.)

In summary, the Government argues that "[b]y making such vague assertions and merely identifying legal terms as affirmative defenses, [Defendant] fails to provide the United States with proper notice of [Defendant's] defenses," and, if permitted to stand, the defenses "might open up almost limitless discovery on issues irrelevant to the conduct at issue in this case, and thereby prejudice the United States by forcing it to expend time and resources in litigating spurious issues." (Id. at 6.)

The Government's motion strike Defendant's affirmative defenses on this ground, is denied.

Federal Rule of Civil Procedure 8(b) merely requires a responding party to "state in short and plain terms its defenses to each claim asserted against it." Defendant has clearly done so. Defendant's affirmative defenses are more than "bare bones conclusory allegations." Modular Homes, 859 F. Supp. at 120. Most are theories which, as the facts in this case are developed,

may constitute full or partial defenses to the allegations in the Complaint.[4] See Glenside West, 761 F. Supp. at 1114 ("Motions to strike an affirmative defense under Rule 12(f) are not favored and will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense.") (internal quotation omitted).

In addition, the defenses, as asserted, provide adequate notice to the Government. There is no unfair surprise. While the Government is correct to assert that some of the affirmative defenses merely name legal theories, those legal theories, when considered in the context of the Complaint, provide sufficient information as to why they may be applicable to the facts of this case. Further, Federal Rule of Civil Procedure 12(b) requires that, with limited exceptions that are not applicable here, "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required." Given this dictate and the early procedural posture at which defendants commonly must plead affirmative defenses, it is unreasonable to expect Defendant to plead affirmative defenses with the particularity that the Government's motion implies is necessary.

This Court finds that Defendant has adequately set forth a "short and plain statement" of each affirmative defense. FED. R. CIV. P. 8(b). The Government's motion to strike all of Defendant's affirmative defenses for failure to comply with Federal Rule of Civil Procedure 8(b) is denied.

---

[4] Several of the affirmative defenses are "insufficient at law and [] cannot succeed under any circumstances." In re Gabapentin, 2009 WL 2730498, at *4. These defenses are discussed below.

## II. Affirmative Defenses That The Government Asserts Are Not Proper Affirmative Defenses, Unavailable, Or Inapplicable As A Matter Of Law.

In addition to the grounds addressed above, the Government further alleges that five of Defendant's affirmative defenses – failure to allege a materially false statement, laches, waiver, estoppel, and failure to mitigate damages – are not properly pled as affirmative defenses, are insufficient as a matter of law, or are inapplicable against the Government in this case. For the reasons explained below, this Court holds that the Government's motion to strike the affirmative defenses of failure to allege a materially false statement, estoppel, and failure to mitigate is granted; and the Government's motion to strike the affirmative defenses of laches and waiver is denied.

### A. Failure to Allege Materially False Statement.

Defendant's first affirmative defense asserts that the Complaint fails to allege any materially false statement. This affirmative defense is stricken because it is not properly pled as an affirmative defense.

An affirmative defense is a "matter asserted by defendant which, assuming the complaint to be true, constitutes a defense to it. A response to a plaintiff's claim which attacks the plaintiff's [] right to bring an action, *as opposed to attacking the truth of the claim*." National Union Fire Ins. Co. of Pittsburgh, Pa. v. City Savings F.S.B., 28 F.3d 376, 393 (3d Cir. 1994) (emphasis added) (internal quotation omitted) (emphasis removed from original).

The Government alleges, *inter alia*, that Defendant presented, or caused to be presented, false or fraudulent claims with the knowledge that they were false, or with deliberate ignorance or reckless disregard for their truth or falsity. (Compl. at ¶ 134.) Defendant's first "affirmative

defense," which asserts that the Government's Complaint did not allege any materially false statement, merely attacks the truth of this allegation. As such, it is an insufficient defense and the Government's motion to strike it is granted. FED. R. CIV. P. 12(f).

**B.    Laches**

In its eighth affirmative defense, Defendant asserts that the Government's claims are barred by the doctrine of laches. The Government's motion to strike this affirmative defense is denied.

"Laches bars an action from proceeding if there was (1) an inexcusable delay in bringing suit, and (2) material prejudice to the defendant as a result of the delay." Marshak v. Treadwell, --- F.3d ----, Nos. 08-1771, 08-1836, 08-1837, 2009 WL 1886153, at *13 n.14 (3d Cir. July 2, 2009) (citations omitted). "It is well established," however, "that the United States is not subject to the defense of laches in enforcing its rights." United States v. St. John's General Hosp., 875 F.2d 1064, 1071 (3d Cir. 1989) (citing United States v. Summerlin, 310 U.S. 414, 416 (1940)). Here, the United States sues to recover alleged losses sustained by Medicare, a federal government program. St. John's would therefore appear to bar the application of laches against the Government.

Defendant, however, argues that St. John's is distinguishable from this case, because St. John's involved a case brought under the Hill-Burton Act and not the FCA.[5] In addition, Defendant points to several cases from sister courts holding that laches are available against the United States in cases brought under the FCA. (See Opposition 8-9 (citing Cayuga Indian Nation

---

[5]"The Hill-Burton Act . . . was enacted to provide federal funds for state agencies to help fund the construction of public and non-profit medical facilities." St. John's, 875 F.2d at 1066.

11

of N.Y. v. Pataki, 413 F.3d 266, 278-79 (2d Cir. 2005) (applying laches against the Government as plaintiff-intervenor in a complaint filed pursuant to the FCA, and discussing circumstances where laches may be used against the United States, including "egregious circumstances"); United States v. Admin. Enters., Inc., 46 F.3d 670, 672-74 (7th Cir. 1995) (discussing the availability of laches against the Government in a complaint filed pursuant to the FCA, though finding laches inapplicable under the circumstances); JANA, Inc. v. United States, 936 F.3d 1265, 1269-70 (Fed. Cir. 1991) (same)).)

This Court finds that the breadth of the St. John's holding regarding the unavailability of laches against the Government may not be as broad as the Government suggests. There appears to be persuasive authority holding that, at least in limited circumstances that may possibly be present here, laches may be applied successfully against the Government. It is not certain, therefore, "that plaintiffs [will] succeed despite any facts that could be proved in support of" the defense of laches. Glenside West, 761 F. Supp. at 1114. Because it is not clearly apparent that laches cannot be applied against the Government, the Government's motion to strike this affirmative defense is denied. Cipollone, 789 F.2d at 188.

**C.     Waiver**

The Government's motion to strike Defendant's ninth affirmative defense based on the theory that the claims "are barred, in whole or in part, by the doctrine of waiver," is similarly denied.

Congress has vested the Attorney General as the governmental entity with the authority to bring civil actions under the FCA. 31 U.S.C. § 3030; see also 28 U.S.C. § 516 ("Except as otherwise provided by law, the conduct of litigation in which the United States, an agency, or

officer thereof is a party, or is interested, and securing evidence therefor, is reserved to officers of the Department of Justice, under the direction of the Attorney General."); Martin J. Silko Constr. v. United States, 852 F.2d 540, 548 (Fed. Cir. 1988) ("Congress could not have stated more clearly its intent to give the Attorney General specific authority to 'administer, settle, or determine' claims or disputes under the False Claims Act."). Violations of the FCA, therefore, may only be waived by the Department of Justice, and the unauthorized statements of United States agents may not serve to waive the Government's claims. See Sappiest v. Omaha Prop. & Caves., 404 F.3d 805, 809 (3d Cir. 2005) (regarding an insurance claim, "general doctrines of waiver and estoppel do not apply when the insurer is an agent of the United States.").

Defendant's assertion of the affirmative defense of waiver thus necessarily implies that the Department of Justice, under the direction of the Attorney General, waived the Government's claims against Defendant. It is possible that evidence procured through discovery will show that the Department of Justice, under the direction of the Attorney General, waived the Government's claims. Because "a court should refrain from evaluating the merits of a defense where . . . the factual background for a case is largely undeveloped," the Government's motion to strike the affirmative defense of waiver is denied. Cipollone, 789 F.2d at 188.

**D. Estoppel**

Defendant's tenth affirmative defense is estoppel. The Government's motion to strike this affirmative defense is granted.

"[E]quitable estoppel will not lie against the Government as it lies against private litigants." Office of Personnel Mgmt. v. Richmond, 496 U.S. 414, 419 (1990); Johnson v. Guhl, 357 F.3d 403, 409 (3d Cir. 2004). In particular, "claims for estoppel cannot be entertained where

public money is at stake." Richmond, 496 U.S. at 429. Because public money is at stake in this case, it is readily apparent that the affirmative defense of estoppel cannot be maintained, and this Court grants the Government's motion to strike this affirmative defense. Cipollone, 789 F.2d at 188.

### E. Failure to Mitigate

In its eleventh affirmative defense, Defendant asserts that the United States failed to mitigate its damages. This defense, too, is stricken.

The Government has no duty to mitigate damages in fraud actions, including those under the FCA. See, e.g., Toepleman v. United States, 263 F.2d 697, 700 (4th Cir. 1959), cert. denied, 359 U.S. 989 (1959) ("Having by his fraud thrust this burden on the United States, the [defendant] cannot be exonerated by the failure of the Government to cast it off at the most propitious time."). The Complaint alleges that Defendant engaged in a scheme to defraud the Government out of many millions of dollars. (Compl. ¶ 10.) Defendant is not permitted to shield itself from potential liability from the Government's allegations by arguing that the Government should have done more to stop Defendant from perpetuating an alleged fraud.

Defendant's affirmative defense that the Government failed to mitigate the damages caused by Defendant's alleged fraud is stricken because it is readily apparent that this defense is insufficient. Cipollone, 789 F.2d at 188.

## III. Statutes of Limitation

In addition to the affirmative defenses stricken above, this Court, for reasons not raised by the Government, strikes Defendant's seventh affirmative defense that the Government's claims are barred by the applicable statutes of limitation.

In its Opinion denying Defendant's motion to dismiss the Government's Complaint for failure to state a claim, this Court found that the claims in the Complaint were filed within the limitations period. Specifically, this Court found that the original *qui tam* Complaints were filed by the relators in November 2002, concerning alleged fraud committed by Defendant between 1997 and 2001. United States ex rel. Monahan v. Robert Wood Johnson Univ. Hosp. at Hamilton, No. 02-5702, 2009 WL 1288962, at *10 (D.N.J. May 7, 2009) (Docket No. 89.). The *qui tam* actions were therefore filed within the statute of limitations period. 31 U.S.C. § 3731(b). In addition, this Court found that the Government's *qui tam* claims relate back to the original *qui tam* Complaints filed by the relators, and are thus timely. Robert Wood Johnson Univ. Hosp. at Hamilton, 2009 WL 1288962 at *11. Further, this Court found that the Government's common law claims relate back to the filing its original Complaint, and are thus timely. Id.

This Court may act on its own to strike from a pleading any redundant matter. FED. R. CIV. P. 12(f)(1). Because this Court has already held that the Government's claims were timely filed, Defendant's statutes of limitations affirmative defense is stricken.

## CONCLUSION

For the reasons stated above, the Government's motion to strike Defendant's affirmative defenses is granted with respect to Defendant's first, seventh, tenth, and eleventh affirmative defenses, and denied with respect to Defendant's second, third, fourth, fifth, sixth, eighth, and ninth affirmative defenses.

      S/Joseph A. Greenaway, Jr.     
      JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated:  December 1, 2009